UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROGER POOLE, TONY RIPPETO, )
KENNETH RAMSEY, DAVID CRAFTON, )
and JAMES KELLY, in their representative )
capacity as Trustees of the District No. 9, )
International Association of Machinists and )
Aerospace Workers Pension Trust, )
)
    Plaintiffs, )
)
v. ) No. 4:08CV00455 RWS
)
COMMERCIAL TRAILER SERVICES, INC., )
an Illinois Corporation, )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

Fringe benefit funds affiliated with District No. 9 International Association of Machinists and Aerospace Workers brought this action before me seeking the collection of delinquent contributions pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Because Commercial Trailer Services, Inc. has not responded to the summons and complaint, Plaintiffs are entitled to a default judgment in the amount of $20,726.92.

*Background*

Commercial Trailer Services, Inc. became bound to a collective bargaining agreement with the District No. 9 International Association of Machinists and Aerospace Workers effective from September 21, 2002, through September 20, 2005. Commercial Trailer Services, Inc. became bound to a subsequent collective bargaining agreement with District No. 9 International

Association of Machinists and Aerospace Workers which agreement runs from September 21, 2005 to September 20, 2006. Because it failed to provide the proper termination notice, Commercial Trailer Services, Inc. was bound by the 2005-2006 agreement until the bargaining unit was decertified in late July 2007.

The collective bargaining agreements require defendant to pay contributions to the Pension Trust. Defendant is delinquent in submitting contributions. The collective bargaining agreement therefore requires the payment of 20% liquidated damages on delinquent contributions, as well as interest and attorneys' fees.

Defendant owes $13,800.00 in Pension contributions and $2,760.00 in liquidated damages to the Pension Trust for the periods of September 2006 through October 2006 and December 2006 through July 2007. Pursuant to the agreement, Defendant also owes $3,729.50 in attorney's fees and $437.42 in costs.

The present lawsuit was filed on April 4, 2008. A return of summons indicates that Defendant was served with the summons and complaint on April 7, 2008. Defendant never filed an answer or other responsive pleading. On May 14, 2008, the Clerk of Court filed an Entry of Default. Pending before me is Plaintiffs' motion for default judgment [#6].

*Analysis and Calculation*

The relief sought in this matter is the payment of certain fringe benefit contributions which are covered under ERISA, 29 U.S.C. § 1132. Section 1132(g)(2) mandates the award of the relief requested by the Laborers. The statute provides as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court

>     shall award the plan –
>         (A)    the unpaid contributions
>         (B)    interest on the unpaid contributions
>         (C)    an amount equal to the greater of -
>             (i)    interest on the unpaid contributions, or
>             (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>         (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>         (E)    such other legal or equitable relief as the court deems appropriate
>     For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if non, the rate prescribed under section 6621 of Title 26.

These provisions are mandatory. See, e.g., Operating Engineers Pension Fund. v. Beck Engineering & Surveying Co., 746 F.2d 557 (9th Cir. 1984). Pursuant to 29 U.S.C. §1132(g)(2)(A), the Plaintiffs are entitled to a judgment of $13,800.00 for delinquent contributions for the periods of September 2006 through October 2006 and December 2006 through July 2007. Pursuant to U.S.C. §1132(g)(2)(C) and the parties' collective bargaining agreement, the Plaintiffs are entitled to an award of 20% liquidated damages on contributions owed under that agreement. These amounts total $2,760.00 in liquidated damages. Finally, ERISA at U.S.C. §1132(g)(2)(D) requires delinquent employers to pay the Funds' attorneys' fees and court costs. The Plaintiffs have incurred $3,729.50 in attorneys' fees and $437.42 in court costs.

Thus, Plaintiffs are entitled to a total judgment of $20,726.92.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Default Judgment [#6] is **GRANTED**.

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2008.